CARRERO, PLAINTIFF AND APPELLEE, *v.* DIEZ & PÉREZ, DEFENDANTS AND APPELLANTS.

APPEAL from the District Court of Mayagüez.

MOTION by the Appellees for Dismissal of the Appeal.

No. 1953.—Decided February 18, 1919.

APPEAL—WORKMEN'S RELIEF COMMISSION.—The time allowed for appealing to the Supreme Court from judgments of the district courts on appeal from decisions of the Workmen's Relief Commission is one month, for it should be governed by the provisions of subdivisión 1 of section 295 of the Code of Civil Procedure, as amended by the act of March 11, 1908, in connection with Act No. 70 of March 9, 1911.

The facts are stated in the opinion.

*Messrs. Feliú & Alemañy* for the petitioners.

*Messrs. Francis & de Jesús* for the appellants.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

The plaintiff-appellees filed a motion in this court for dis-

missal of the appeal taken by the defendants from a judgment of the District Court of Mayagüez of October 30, 1918, dismissing an appeal of the defendants from a decision of the Workmen's Relief Commission of February 18, 1918, by which the said commission imposed upon the defendants the payment of $2,202 as an indemnity for the death of workman Félix Rivera.

The appellees base their motion on the ground that as notice of the judgment of the Mayagüez court of October 30, 1918, was given to appellants on November 4, 1918, and the appeal was taken therefrom on December 4, 1918, said appeal was taken after the expiration of the fifteen days prescribed by subdivision 2 of section 295 of the Code of Civil Procedure, as amended by the Act of March 9, 1905, which is made applicable to the case by paragraph 10 of section 12 of the Act for the Relief of Workmen, No. 19 of April 13, 1916.

The section last cited allows an appeal in the cases therein specified by any employer from the decision of the Workmen's Relief Commission to the district court of the district where the accident to the claimant occurred, and after prescribing the formalities for the appeal provides that "after the appeal is perfected the district court shall proceed with the case in the same manner as is provided by law for an appeal from a judgment of a municipal court in civil cases."

Section 3 of the Act of March 11, 1908, regulating appeals from judgments of municipal courts in civil cases, provides that "the action being finally at issue, the trial shall be held as a trial de novo, and shall be governed by all provisions of law and rules of court affecting trials of actions originally brought in the district courts." The Act is silent as to appeals that may be taken from the judgment rendered by a district court on appeal, leaving in effect as to this matter section 295 of the Code of Civil Procedure as amended, subsection 2 of which provides that an appeal may be taken

to the Supreme Court from a district court from a judgment rendered on an appeal from an inferior court, within fifteen days after the entry of such judgment, should the value of the property claimed or amount of the judgment not including products and interest thereon exceed $300.

That statute is not applicable to this case because it is not a case of a judgment of a district court rendered on appeal from an inferior court, but of a judgment of a district court rendered on an appeal from a decision of the Workmen's Relief Commission. In the absence of an express provision in the Workmen's Relief Act the governing statute is section 295 of the Code of Civil Procedure, subdivision 1 of which, as amended by the Act of March 11, 1908, provides that an appeal may be taken to the Supreme Court from a district court from a final judgment in an action or special proceeding commenced in the court in which the same is rendered, within one month after the entry of judgment, and now, according to Act No. 70 of March 9, 1911, within one month after notice of judgment to the losing party.

It is true that in this case the special proceeding established by the Workmen's Relief Act was not begun in the District Court of Mayagüez, but before the Workmen's Relief Commission, and therefore it may be contended that the case is not included among those contemplated by subdivision 1 of section 295 of the Code of Civil Procedure as it now reads; but even so, inasmuch as it does not come under paragraph 2 of the said section, as we have said, and as it was the express intent of the Legislature to allow an appeal in cases arising from the decisions of the Workmen's Relief Commission, we are of the opinion that the time within which an appeal may be taken from the decision of the district court should be governed by subdivision 1 of section 295, because this is more in harmony with the nature of the case, which really began to be contested in the district court and not in

the Workmen's Relief Commission.  Moreover, the amount in dispute ($2,202) is much greater than the amount fixed by law for determining the jurisdiction of municipal courts.

The motion for dismissal of the appeal should be

Overruled.

Justices Wolf, del Toro, Aldrey and Hutchison concurred.